IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| **LAMONT D. RANSOM** | § | |
| **(McLennan County #0097536)** | § | |
| | § | |
| **V.** | § | **W-15-CA-375-RP** |
| | § | |
| | § | |
| **DOMINGO MARTINEZ and** | § | |
| **RECOVERY HEALTHCARE** | § | |

## ORDER

Before the Court are Plaintiff's complaint and more definite statements. Plaintiff, proceeding pro se, has been granted leave to proceed in forma pauperis.

STATEMENT OF THE CASE

At the time he filed his complaint pursuant to 42 U.S.C. § 1983, Plaintiff was confined in the McLennan County Jail. Plaintiff alleges he was "wrongfully violated on G.P.S. monitoring." Plaintiff claims Domingo Martinez, a staff member of Recovery Healthcare, told Plaintiff he would "be violated" regardless of his attempts to complete his program. According to Plaintiff, he was assigned to G.P.S. monitoring on August 6, 2015, and should have completed the monitoring on December 12, 2015. Plaintiff allegedly violated his conditions on October 22, 2015 and was told on his third supervision visit that he would be "violated." Plaintiff sues Domingo Martinez and Recovery Healthcare. He requests his immediate release from jail and compensation for lost wages, wrongful arrest, and falsifying documents.

After reviewing Plaintiff's complaint, Plaintiff was ordered to file a more definite statement specifying what acts Defendant Martinez did to violate his constitutional rights. Plaintiff claims Martinez falsified documents and manipulated his G.P.S. monitor from the Recovery Healthcare office on October 26, 2015. Plaintiff asserts Martinez deceived him by verbally telling Plaintiff his G.P.S. monitor malfunctioned due to the weather and he needed to report to have the monitor evaluated. Plaintiff further asserts Martinez deceived the McLennan County courts by giving false information to have an arrest warrant issued when Plaintiff had done nothing wrong. As a result of being "violated," Plaintiff lost his job and home.

After consideration of Plaintiff's more definite statement, Plaintiff was ordered to file a second more definite statement to clarify his allegations. Plaintiff asserts he discharged his entire sentence on February 24, 2016, and is no longer on a GPS monitor. Plaintiff also clarified the GPS monitor was a condition of his community supervision, not mandatory supervision. Finally, Plaintiff asserts he never appeared before a judge after his October 26, 2015 arrest. He states he still does not know what his alleged violation was.

McLennan County records reflect the judge of McLennan County Court at Law No. 2 revoked Plaintiff's order for house arrest and electronic monitoring in Cause No. 2015-1152-CR2 on October 22, 2015. The trial court found Plaintiff had violated the terms and conditions of his house arrest and electronic monitoring. The violation report attached to the court's order reflects Plaintiff tested positive through sweat analysis for cocaine and THC.

DISCUSSION AND ANALYSIS

A.  Standard Under 28 U.S.C. § 1915(e)

An in forma pauperis proceeding may be dismissed sua sponte under 28 U.S.C. § 1915(e) if the court determines the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief against a defendant who is immune from suit.  A dismissal for frivolousness or maliciousness may occur at any time, before or after service of process and before or after the defendant's answer.  *Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

When reviewing a plaintiff's complaint, the court must construe plaintiff's allegations as liberally as possible. *Haines v. Kerner*, 404 U.S. 519 (1972).  However, the petitioner's pro se status does not offer him "an impenetrable shield, for one acting pro se has no license to harass others, clog the judicial machinery with meritless litigation and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986).

B.  Heck Bar

Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) and the Fifth Circuit's application of *Heck* to state prisoner § 1983 lawsuits in *Boyd v. Biggers*, 31 F.3d 279 (5th Cir. 1994).  In *Heck*, the Supreme Court held:

> [I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus.

In this case Plaintiff does not allege that his conviction was reversed, expunged, invalidated, or called into question by a federal court's issuance of writ of habeas corpus.  Rather, Plaintiff admits

3

he was returned to jail due to alleged violations of his community supervision where he remained until he discharged his entire sentence. Accordingly, Plaintiff's claims regarding his alleged illegal arrest and confinement are barred by *Heck*.

## CONCLUSION

Plaintiff's claims are barred by *Heck*, and are thus frivolous.

It is therefore **ORDERED** that Plaintiff's claims are dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915(e).

It is further **ORDERED** that Plaintiff is warned that if Plaintiff files more than three actions or appeals while he is a prisoner which are dismissed as frivolous or malicious or for failure to state a claim on which relief may be granted, then he will be prohibited from bringing any other actions in forma pauperis unless she is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

It is finally **ORDERED** that the Clerk shall e-mail a copy of this order and the final judgment to the Pro Se Clerk for the United States District Court for the Eastern District of Texas.

**SIGNED** on April 14, 2016.

ROBERT PITMAN
UNITED STATES DISTRICT JUDGE